# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | |
|---|---|
| **DOUGLAS ALLEN KANE** | **CIVIL ACTION NO. 05-135-LC** |
| **VS.** | **SECTION P** |
| **LAKE CHARLES POLICE DEPT., ET AL.** | **JUDGE MINALDI** <br> **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights (42 U.S.C. § 1983) complaint of Douglas Kane filed *in forma pauperis* on January 21, 2005. Plaintiff is currently housed at Elayn Hunt Correctional Center in St. Gabriel, Louisiana; however, plaintiff complains of events that occurred when he was arrested by the Lake Charles Police Department and booked into the Lake Charles City Jail. Plaintiff names the Lake Charles Police Department[1], Deputy Marshal Daniel Roy Hebert, and Officer Robert A. Janice as defendants herein.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

---

[1] On 7/12/05, this court filed a memorandum order [Doc. # 5]putting plaintiff on notice that his claims against the Lake Charles Police Department lacked merit as under Louisiana law, a police department is a department of the City government and is not amenable to suit. See, *Causey v. Parish of Tangipahoa*, 167 F.Supp.2d 898, 909 (E.D.La. 2001); Watson *v. City of New Orleans*, 2000 WL 126921(E.D.La. Feb. 3, 2000); *Norwood v. City of Hammond*, 1999 WL 777713 (E.D.La. Sept. 30, 1999); *Dugas v. City of Breaux Bridge Police Dept.*, 757 So.2d 741, 744 (La.App. 3d Cir. 2000); *Manley v. State of Louisiana*, 2001 WL 506175 (E.D.La. May 11, 2001); *Newton v. Tangipahoa Parish Shefiff's Office, et al.*, 2004 WL 963790 (E.D.La. May 5, 2004).

## STATEMENT OF THE CASE

The basic claim asserted by plaintiff in his original complaint is one of excessive force. More specifically, on February 7, 2004, plaintiff was arrested by Officer Janice with the Lake Charles Police Department (LCPD), and was booked into the Lake Charles City Jail (LCCJ). Plaintiff alleges that while handcuffed to a bench in LCCJ, Deputy Marshal Daniel Roy Hebert with the LCPD, started to curse at and question plaintiff. Plaintiff states that after he told the Marshal that he should not curse at plaintiff, the Marshal sat next to plaintiff and threatened to beat him up. Plaintiff then told the Marshal that he [the Marshal] was "just talking because I was handcuffed." [Doc. 1, p. 3]. Plaintiff claims that Marshal Hebert then asked Lake Charles Police Officer Robert A. Janice for the handcuff key, unlocked the handcuff, and told plaintiff "lets go to the back and find out" to which plaintiff responded "o.k." [Doc. 1, p. 3]. Plaintiff states that as he was going through the door, he felt something hit him in the back, and plaintiff turned and "swung." Plaintiff claims that Marshal Hebert then grabbed plaintiff, and they started to wrestle. Thereafter, plaintiff states that Officer Janice and another officer joined in the fight, and that someone jumped on the center of plaintiff's back which sent pains down both of his legs. Plaintiff claims that he was again handcuffed, turned over on his back, and beaten in the face by Marshal Hebert. Plaintiff states that he was then dragged to a cell, pepper-sprayed, and left on the floor in pain. Plaintiff was later taken to a hospital, but despite that he could not use his leg even after being treated, plaintiff was nevertheless dragged from the hospital bed to the police car, and then back to his cell. Once back in his cell, plaintiff claims that he was pepper-sprayed at least 3 or 4 times by an unidentified officer. Plaintiff states that he washed himself off with toilet water, and massaged his legs until he got feeling back in them. Once plaintiff could stand, he

states that he was transferred to Calcasieu Correctional Center without further incident. Plaintiff contends that there were cameras in the corners of the jail, and thus, the incident should have been taped. As a result of the alleged actions, plaintiff seeks payment of his medical bills, as well as an award of $125,000.00 in punitive damages.

Given the lack of specific information in his original complaint to support his allegations that his constitutional rights had been violated, this court issued a memorandum order [Doc. #5], directing plaintiff to amend his complaint. Among other things, plaintiff was instructed to provide the court with proof that he exhausted his administrative remedies with regard to the claims asserted in this matter. In plaintiff's response [Doc. #6], plaintiff stated "As for the disciplinary actions I'm starting on one as of today's date 7-25-05, don't know where to start but will start with Internal Affairs with the City of Lake Charles." [Doc. #6, p.1]. In addition, plaintiff attached a step one grievance form [Doc. #6, p.4] dated 10/16/04, in which he stated that he needed medical treatment concerning his chest, eyes, and teeth. Plaintiff also requested to be transferred to a prison that could address his medical needs. The response to the grievance was dated 10/21/04, and stated that plaintiff could request a transfer. Plaintiff then filed a second step grievance in which he again requested transfer to Hunt Correctional Center in order to receive the desired medical treatment. [Doc. #6, p.5]. Plaintiff did not file any other documents relative to this grievance, nor did he otherwise address his failure to exhaust administrative remedies prior to filing suit.[2]

---

[2] In plaintiff's response [Doc. #6], plaintiff also requested an extension of time to amend his complaint, stating that he intended to hire an attorney once he was released on 10/7/05. The court recommends that plaintiff's request in that regard be denied as such relief would not cure plaintiff's failure to exhaust his administrative remedies prior to filing suit.

## LAW AND ANALYSIS

### Failure to Exhaust Administrative Remedies

The Civil Rights of Institutionalized Persons Act, 42 U.S.C. §1997e, was amended by the Prison Litigation Reform Act (PLRA). As amended, §1997e(a) makes the exhaustion requirement **mandatory** in prison conditions cases. Section 1997e(a) provides,

> (a) Applicability of Administrative Remedies--No action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This action is a prison condition case, which is exactly the type of matter that can best be resolved by the prison officials without resort to judicial action. In the present case, it must be noted that with respect to plaintiff's claims, plaintiff's own admissions demonstrate that he did not properly exhaust administrative remedies before filing this lawsuit as required by 42 U.S.C. §1997e(a). Specifically, in his original complaint, plaintiff stated his belief that there was not a prisoner grievance procedure applicable in this situation because it was the Lake Charles City Police Department rather than the Parish. [Doc. #1, p. 2]. Further, in his response to the memorandum order to amend, plaintiff stated that he was just starting on one of the grievances as of 7/25/05 [Doc. #6, p.1]. In addition, the unexhausted grievance documents filed by plaintiff do not even relate to the February 7, 2004 incident made the basis of plaintiff's complaint herein.

Under current law, plaintiff must exhaust the administrative remedy procedure **before** proceeding herein. *Porter v. Nussle,* 122 S.Ct. 983 (2002)(Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); *Alexander v. Tippah County,*

4

*Miss.,*351 F.3d 626 (5th Cir. 2003); *Wendell v. Asher*, 162 F.3d 887, 890-91 (5th Cir. 1998); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998). The statute provides for no exceptions. The statute precludes any further action on these claims until plaintiff has fully exhausted the administrative remedy procedure. See also *Wendell v. Asher*, 162 F.3d 887, 890-91 (5th Cir. 1998)(§1997e(a) "plainly requires that administrative remedies be exhausted before the filing of a §1983 suit, rather than while the action is pending..." "[t]o hold otherwise would encourage premature filing by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation."); *Underwood v. Wilson,* 151 F.3d at 296 (dismissal for failing to exhaust administrative remedies is justified "as a deterrent to premature filing by...other potential litigants, thus serving the Congressional purpose of providing relief from frivolous prisoner litigation..." and "[b]y choosing to file and pursue his suit prior to exhausting administrative remedies as required, [the plaintiff] sought relief to which he was not entitled--that is, federal court intervention in prison affairs prior to the prison having had the opportunity to address the complaint within its grievance procedures.").

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights action be **DISMISSED WITHOUT PREJUDICE** for failing to exhaust available administrative remedies prior to the filing of suit as mandated by 42 U.S.C. §1997e.

**IT IS ALSO RECOMMENDED** that plaintiff's request that he been given an extension of time to file an amended complaint until he hires an attorney upon his release from prison be **DENIED** as such relief would not cure the deficiency of plaintiff's failure to exhaust

5

administrative remedies prior to filing this suit.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Lake Charles, Louisiana, this 27th day of October, 2005.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE